IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| B&D MARITIME, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 1:23-cv-00333 |
| | ) |
| MARKEL AMERICAN INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant Markel American Insurance Company ("MAIC") files this Notice of Removal of this action from the Circuit Court of Baldwin County, Alabama (05-CV-2023-900897) to the United States District Court for the Southern District of Alabama, Southern Division, and states the following:

**I.**

This action was commenced in the Circuit Court of Baldwin County, Alabama on July 25, 2023. A copy of Plaintiff's Complaint is attached as part of Exhibit A [pp. 3-8 of 115]. MAIC was served on July 31, 2023; a copy of the Service Return is also attached as part of Exhibit A [p. 113 of 115]. Therefore, MAIC is removing this case within thirty days from the date of service, and the removal of this case to this Court is timely pursuant to 28 U.S.C. § 1446(b)(2)(B).

**II.**

Copies of all process, pleadings, and order purportedly served on or by MAIC in this action are attached as Exhibit A.

**III.**

This action is one of a civil nature over which the District Court has original jurisdiction because of diversity citizenship pursuant to 28 U.S.C. § 1332(a)(1). Jurisdiction is also proper based on 28 U.S.C. § 1333, because this lawsuit involves a marine insurance policy.

### IV.

Plaintiff B&D Maritime, Inc. is a corporation organized and existing under the laws of Alabama with its principal place of business in Orange Beach, Alabama.

### V.

MAIC is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business in Glen Allen, Virginia.

### VI.

Plaintiff and MAIC are citizens of different states; therefore, complete diversity exists pursuant to 28 U.S.C. § 1332(a)(1).

### VII.

Plaintiff's Complaint seeks declaratory judgment, asserts a cause of action for breach of contract, and seeks damages for that breach of contract cause of action.

### VIII.

The amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a).[1] "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Where, as here, the amount in controversy is not specified in the complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional minimum." *Roe v. Michelin N.*

---

[1] MAIC denies that it is liable to Plaintiff for any damages; however, based on the allegations in the Complaint and underlying complaint, the amount in controversy exceeds the Court's jurisdictional threshold.

*Am., Inc.*, 615 F.3d 1058, 1061 (11th Cir. 2010); see also 28 U.S.C. § 1446(c)(2)(B). "Satisfaction of the amount-in-controversy requirement may be apparent on the face of a complaint, notwithstanding the absence of a claim for a specific amount of damages." *Battle v. Nationwide Mut. Fire Ins. Co.*, 2020 WL 978807, at *3 (N.D. Ala. Feb. 28, 2020) (citing *Pretka*, 608 F.3d at 754. In analyzing the amount in controversy, the Court is permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *Roe*, 615 F.3d at 1061-62. Moreover, "courts may use their judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." *Id.*

When a plaintiff requests declaratory relief, the amount in controversy "is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1988); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) ("When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the objection of the litigation from the plaintiff's perspective."). In the present case, the Complaint seeks a declaration that MAIC owes Plaintiff defense and indemnity related to a lawsuit filed by Kerrie A. Coe in the Circuit Court of Baldwin County, Alabama, styled *Kerrie A. Coe v. Sanroc, LLC d/b/a Sanroc Cay Martina, LLC, et al.* (05-CV-2021-901257) ("the underlying lawsuit"). Plaintiff seeks defense and indemnity pursuant to an insurance policy issued by MAIC with a $1,000,000 policy limit. [Ex. C]. Therefore, in addition to breach of contract damages, defense and indemnity in the underlying lawsuit are at issue, meaning that the value of this lawsuit is based on the value of Ms. Coe's injuries in the underlying lawsuit.

Plaintiff seeks indemnity and defense for negligence and wantonness claims in the underlying lawsuit. [Ex. A, p. 25 of 115 ¶¶11–14]. The underlying lawsuit asserts that Ms. Coe

3

suffered "severe personal and bodily injuries" including two broken legs, pain, anguish, mental suffering, and lost wages. [Ex. A, p. 24 of 115 ¶10]. The underlying lawsuit asserts that the damages are ongoing and claims that the underlying plaintiff has incurred medical bills "and will incur additional bills in the future." [Ex. A, p. 24 of 115 ¶10]. Damages asserted in the underlying lawsuit, and thus in controversy in Plaintiff's coverage action, are actual damages, compensatory damages, and punitive damages. [Ex. A, p. 25 of 115].

The damages Ms. Coe seeks in the underlying litigation exceed $75,000. Ms. Coe alleges that her injuries were severe, which is evidenced by the fact that she suffered two broken legs. Ms. Coe elaborated on her injuries in her deposition in the underlying lawsuit, where she testified that she suffered four fractures in her left leg and one fracture in her right leg. [Ex. B, Ms. Coe Deposition, 101:13-17]. She also testified that she was in a significant amount of pain after the accident. [Ex. B, 99:12-19]. Ms. Coe underwent surgery on her left leg, where screws, wires, and a plate were placed into her leg to help repair the fractures. [Ex. B, 101:1-9]. Ms. Coe also testified that she remains in pain every day. [Ex. B, 123:17]. Ms. Coe testified that she still has physical limitations because of her injuries. [Ex. B, 149:22-150:11; 152:7-15].

As noted above, Ms. Coe also seeks damages for mental anguish, lost wages, future medical bills, and future pain and suffering. In addition to compensatory damages, Ms. Coe seeks punitive damages, which can be up to three times the compensatory damages award and are also considered for amount in controversy purposes. *See, e.g., Smith v. State Farm Fire & Cas. Co.*, 2020 WL 10111968, at *2 (S.D. Ala. July 10, 2020) (citing Ala. Code § 6-11-21).

Based on the severity of Ms. Coe's alleged injuries, her subsequent surgery, her alleged ongoing pain, her claimed damages for lost wages, mental anguish, and future pain and suffering and future medical bills, and her claim for punitive damages, the underlying lawsuit involves

damages in excess of $75,000. Furthermore, Plaintiff here seeks defense for the underlying lawsuit, so the cost of defense is also at issue for amount in controversy purposes. Because the underlying lawsuit involves damages that exceed $75,000, the amount in controversy in this case is met because this lawsuit involves defense and indemnity for Ms. Coe's claims. Therefore, the amount in controversy is met, complete diversity exists, and the jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

## IX.

Federal jurisdiction also exists pursuant to 28 U.S.C. § 1333. When a lawsuit involves the interpretation of a marine insurance policy, federal admiralty jurisdiction is proper. *See Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 996 F.3d 1161, 1164 (11th Cir. 2021) ("This case concerns the interpretation of a marine insurance policy, which gives rise to federal admiralty jurisdiction."); *see also GEICO Marine Ins. Co. v. Shackleford*, 945 F.3d 1135, 1139 (11th Cir. 2019) ("Marine insurance contracts qualify as maritime contracts, which fall with the admiralty jurisdiction of the federal courts and are governed by maritime law."); *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1184 (11th Cir. 2009) ("It is well settled that cases involving marine contracts give rise to admiralty jurisdiction."). "To qualify as maritime, . . . the elements of a contract must 'pertain directly to and be necessary for commerce or navigation upon navigable waters. . . . The test we apply in deciding whether the subject matter is necessary to the operation, navigation, or management of a ship is a test of reasonableness, not of absolute necessity.'" *Inbesa Am., Inc. v. M/V Anglia*, 134 F.3d 1035, 1036 (11th Cir. 1998) (quoting *Ambassador Factors v. RMS*, 105 F.3d 1397, 1399 (11th Cir. 1997)).

Here, MAIC issued a watercraft policy to its named insured, Wallace Boat Rentals LLC and William M. Terrell. [Ex. A, p. 28 of 115]. The policy identifies several vessels that are covered

5

under the policy, and sets navigation limits for inland waters in several states. [Ex. A, pp. 28, 30, 35-38 of 115]. Plaintiff, as a marina owner, seeks coverage under the policy's watercraft liability coverage; the watercraft liability insuring agreement states, in pertinent part:

> We will cover damages for **bodily injury** or **property damage** for which an **insured** becomes legally liable through ownership, maintenance, or use of the **insured vessel** arising from the **declared usage**.
>
> A yacht club, marina or similar facility is an additional insured for **property damage** and **bodily injury**, for liability arising from the ownership, use and operation of the **insured vessel**, by an **insured**. A yacht club, marina or other similar facility will not be provided a separate defense.
>
> We will also cover the reasonable expenses incurred to raise, remove or dispose of the wreck of the **insured vessel**, if you are legally obligated to do so. This is not additional insurance, but is included in the limit of 'Watercraft Liability' coverage.

[Ex. A, p. 48 of 115].

Therefore, the watercraft liability coverage applies for damages incurred because of the ownership, maintenance, or use of an insured vessel, and additional insured coverage is extended marina owners for liability arising out of the ownership, use, and operation of an insured vessel. Although MAIC denies that the additional insured coverage here is triggered because the underlying lawsuit does not arise out of the ownership, use, or operation of an insured vessel, the fact that coverage is tied to such ownership, use, or operation of a vessel, and the fact that Plaintiff seeks coverage under this watercraft liability provision, establishes that MAIC's policy pertains directly to the operation, navigation, or management of a ship such that the policy is a maritime contract. As a result, federal admiralty jurisdiction is triggered and removal is proper.

## X.

Based on the foregoing, complete diversity exists, the amount in controversy is met, and federal admiralty jurisdiction is also triggered. Therefore, jurisdiction is proper in this Court. Therefore, the case is subject to removal and properly before this Court.

WHEREFORE, PREMISES CONSIDERED, MAIC prays that this Honorable Court take jurisdiction of this cause and issue all necessary orders and process in order to remove the above-styled action from the Circuit Court of Baldwin County, Alabama.

Respectfully Submitted,

s/ Seth T. Hunter
Brenen G. Ely (ASB-0366-E54B)
Seth T. Hunter (ASB-8506-S76H)
Lauren A. Wiggins (ASB-2400-L13O)
Counsel for Markel American Insurance Company

**OF COUNSEL:**
ELY & ISENBERG, LLC
3500 Blue Lake Drive, Suite 345
Birmingham, AL 35243
Telephone: (205) 313-1200
Facsimile (205) 313-1201
bely@elylawllc.com
shunter@elylawllc.com
lwiggins@elylawllc.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/ECF electronic filing system and/or by U.S. Mail on this the 30th day of August, 2023.

Norman M. Stockman
Hand Arendall Harrison Sale LLC
Post Office Box 123
Mobile, Alabama 36601
nstockman@handfirm.com

s/ Seth T. Hunter
**OF COUNSEL**